IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CHADWICK J. NEAL, )
 )
 Plaintiff, )
 )
 ) CIV-11-232-R
v. )
 )
R. B. HAUF, et al., )
 )
 Defendants. )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

I. Background

Plaintiff is currently incarcerated at the Lawton Correctional Facility in the custody

of the Oklahoma Department of Corrections.[1]  His cause of action does not, however, relate to his current custody.  Rather, Plaintiff seeks damages and equitable relief for alleged constitutional deprivations occurring during his previous confinement in the Payne County Jail.  In his Complaint filed March 3, 2011, Plaintiff alleges that on December12, 2010, he was assaulted in the jail by another inmate, Mr. Hornbeck, and he suffered a "broken nose" in the assault.  Plaintiff alleges that on  December 13, 2010,  he "requested to press charges for the assault, but instead . . . I was taken to administrative lock-down (segregation) and was told that if I pressed charges, officials would press charges against me.  Despite this threat, I was insistant [sic] on pressing charges and wrote Jail Administrator Reese Lane and Sheriff H. B. Hauf requesting to formally file a complaint.  No report was ever taken, nor any charges filed in this incident.  Due to the injury sustained, I will require surgery to repair my sinus cavity and help cure bleeding caused by this event." Complaint, at 2.

In ground one, Plaintiff alleges that his equal protection rights were violated by Defendants Lane and Hauf because they refused to allow Plaintiff to "file a report" and thereby prevented Plaintiff from seeking the prosecution of Mr. Hornbeck. Complaint, at 3. In ground two, Plaintiff alleges that Defendants Lane and Hauf denied him due process

---

[1]According to the public records of the Oklahoma Department of Corrections, of which the undersigned takes judicial notice, Plaintiff is serving sentences for his convictions for: Obtaining Cash or Merchandise by False and Bogus Check (over $1,000); Engaging in a Pattern of Criminal Offenses; Obtaining Money by False Pretenses; Uttering Two or More Bogus Checks Exceeding One Thousand Dollars; and Larceny (by Fraud) of Automobile after former conviction of two or more felonies. http://www.doc.state.ok.us/offenders (Offender Lookup accessed July 26, 2011).

because he was not allowed to "file a complaint" concerning the assault. Plaintiff asserts that "[a]s a victim I should be given the right to seek the prosecution of someone who assaults me," and that Defendants Hauf and Lane "denied me that right by their refusal to act." Complaint, at 3.

In ground three, Plaintiff alleges that he when he "initially asked to press charges" he "was placed in segregation for one week" and "subjected to 23 hour lock down" and that he also "received the threat of having charges pressed against me if I continued to seek to press charges." Complaint, at 4. Plaintiff alleges that this retaliatory action violated the Eighth Amendment's cruel and unusual punishment clause because the action was an "attempt to detour [sic] me from presuing [sic] this issue." Complaint, at 4.

Plaintiff states in ground three of the Complaint and in a responsive pleading (Doc. # 29) that he was returned to the general population of the jail on December 19, 2010, and that he was later transferred to the custody of the Oklahoma Department of Corrections on December 30, 2010. In his request for relief, Plaintiff seeks both monetary damages "for pain and suffering" and injunctive relief "order[ing] the defendants to allow [him] to press charges" against Mr. Hornbeck. Complaint, at 5.

Documentary evidence attached to the Complaint includes a copy of a radiology report dated December 13, 2010, and signed by Dr. Bullen at Stillwater Medical Center indicating that a maxillofacial CT scan of the patient, Chadwick Jashawn Neal, conducted December 12, 2010, showed a fracture of the nasal bone on the left and soft tissue swelling over the frontal region. Complaint, att. 1. In another document attached to the Complaint,

a hospital emergency room record reflects that Plaintiff was transported to the hospital on December 12, 2010, following an assault earlier that day, that a CT scan of Plaintiff's head and facial bones was conducted, and that the diagnosis was assault with closed head injury and nasal fracture. Complaint, att. 2, 3. According to this document, the only treatment prescribed for Plaintiff was over-the-counter pain medication and "[h]ead injury precautions." Complaint, att. 4. A final document attached to the Complaint is a photocopy of a hand-written letter purportedly written by Plaintiff and addressed to Mr. Hauf. In this letter, which is dated December 15, 2010, Plaintiff states that he wished to "press charges against [Mr.] Hornbeck for assault" that occurred on December 12, 2010, in the jail. Complaint, att. 5.

Defendants Hauf and Lane have moved to dismiss Plaintiff's action pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6) for failure to state a claim upon which § 1983 relief may be granted.[2] Defendants have also caused the filing of a Special Report consistent with Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978). Plaintiff was advised of his obligations under Fed. R. Civ. P. 12 and 56 in responding to the Motion. (Doc. # 24). Plaintiff has now filed a response to the Motion to Dismiss (Doc. # 29), and the Motion is at issue. Plaintiff has also filed an "Objection" to the Special Report. (Doc. # 28). Defendants have replied

---

[2] Although Defendants have referred in their Motion to documents outside of the pleadings, including the affidavits of Payne County Jail officials that appear in the Special Report, the undersigned has not considered any documents outside of the pleadings in resolving the Motion, except for those documents attached to the Complaint. See Hall v. Bellmon, 935 F.2d 1106, 1112 (10th Cir. 1991)(a court evaluating a Rule 12(b)(6) motion to dismiss may consider the complaint as well as any documents attached to it as exhibits).

to the Response.

II Standard of Review

In considering a civil complaint filed *in forma pauperis*, the court has the responsibility to screen the complaint. 28 U.S.C. § 1915(e)(2). On review, the court must dismiss a cause of action filed *in forma pauperis* at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the litigant seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915(e)(2)(B).

A motion to dismiss may be granted when the plaintiff has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The party opposing the motion must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not

relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. See Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997)(courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf").

III. Grounds One and Two - Right to File Criminal Charges

Plaintiff asserts in grounds one and two of the Complaint that Defendants, in their capacities as Payne County Jail officials, are liable to Plaintiff under 42 U.S.C. § 1983 because they refused Plaintiff's request to file a report or complaint concerning an alleged assault upon Plaintiff by another inmate in the jail on December 12, 2010.

It is well-established law that the decision as to whether to prosecute a particular case lies in the discretion of the prosecutorial authority. United States v. Batchelder, 442 U.S. 114, 124 (1979). A private individual has no "judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). See Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir. 1993)(quoting Linda R.S.). Thus, Plaintiff has no constitutionally-protected right to punish his alleged attacker.

As a prisoner[3], Plaintiff has a First Amendment right to "petition the Government for a redress of grievances." U.S. Const. amend. 1. This right, which is generally referred to as

---

[3]Plaintiff states in Plaintiff's Objection to Defendants' Special Report (Doc. # 28) that at the time of the alleged assault he was a convicted felon confined at the jail awaiting transfer to the custody of the Oklahoma Department of Corrections. Hence, he is aptly described as a prisoner for the purpose of the Court's resolution of the pending Motion to Dismiss.

a "right of access to the courts," requires States to provide "'a reasonably adequate opportunity [for prisoners] to present claimed violations of fundamental constitutional rights to the courts.'" Lewis v. Casey, 518 U.S. 343, 350 (1996)(quoting Bounds v. Smith, 430 U.S. 817, 825 (1977)). In order to state a constitutional claim of denial of access to the courts, a prisoner must make a showing that he has suffered, or will imminently suffer, actual harm; that is, that he was "hindered [in] his efforts to pursue a legal claim." Id. at 351. The injury requirement is not satisfied by an allegation that any type of legal claim was frustrated. The injury must involve an attempt to pursue a challenge to the conditions of a prisoner's confinement or a direct or collateral attack on his or her sentence. Id. at 354-355.

Plaintiff alleges in grounds one and two that he was prevented by jail officials from filing a report or complaint concerning the alleged assault upon Plaintiff by another inmate. In his responsive pleading, Plaintiff alleges Defendants did not provide him assistance in order to "file a police report" or "file a complaint with the Sheriff's office" concerning the alleged assault. Plaintiff's Objection to Defendants' Motion to Dismiss, at 1, 2. This claim is not cognizable under 42 U.S.C. § 1983. Plaintiff has no standing to seek the prosecution of another individual, and he is not alleging that he was denied an opportunity to either challenge his sentence(s) or challenge the conditions of his confinement. Consequently, Defendants' Motion seeking the dismissal of Plaintiff's claims in grounds one and two should be granted, and the claims in grounds one and two should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).

IV. Retaliation and Eighth Amendment Claims

In ground three, Plaintiff alleges that jail officials retaliated against him after he requested to file a criminal charge/police report against the individual who allegedly assaulted him in the jail. As factual support for his claim of unconstitutional retaliation, Plaintiff alleges that, following his request to file a report concerning the assault, he was placed in administrative segregation on December 13, 2010, and threatened by unidentified jail officials that if he pursued the filing of a report against his alleged attacker he would be criminally charged for the assault.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional rights.]" Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). "To establish a First Amendment retaliation claim, a plaintiff must show that (1) he was engaged in constitutionally protected activity, (2) the government's actions caused him injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the government's actions were substantially motivated as a response to his constitutionally protected conduct." Nielander v. Bd. of County Comm'rs, 582 F.3d 1155, 1165 (10th Cir. 2009). Under this standard, a plaintiff must at least provide circumstantial evidence of a "chronology of events" supporting an inference of retaliation. Smith, 899 F.2d at 949.

According to Plaintiff's allegations in the Complaint, Plaintiff was not engaged in a constitutionally-protected activity at any time before Defendants allegedly retaliated against him. A prisoner who submits a grievance to prison officials engages in activity protected by the First Amendment. See Penrod v. Zavaras, 94 F.3d 1399, 1404-1405 (10th Cir. 1996).

Speech involving "pointed expression[s] of anguish . . . about the then-current domestic and foreign affairs of [the] government" is protected by the First Amendment. <u>Spence v. Washington</u>, 418 U.S. 405, 410 (1974). A prisoner who has filed a lawsuit against prison officials or a habeas petition has engaged in constitutionally-protected activity. <u>Gee v. Pacheco</u>, 627 F.3d 1178, 1189 (10th Cir. 2010); <u>Smith v. Maschner</u>, 899 F.2d 940, 947 (10th Cir. 1990). The only motive alleged by Plaintiff for the allegedly retaliatory actions taken by jail officials was an effort to deter him from filing a police report against another inmate. This is not protected activity, and Plaintiff has failed to state a claim of unconstitutional retaliation. Consequently, Plaintiff's claim in ground three should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

Moreover, even assuming without finding that Plaintiff was engaged in protected activity when he requested to be allowed to file a police report concerning the alleged assault, Plaintiff has failed to state a claim of unconstitutional retaliation against Defendants Hauf and Lane. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." <u>Foote v. Spiegel</u>, 118 F.3d 1416, 1423 (10th Cir. 1997). "Supervisory status alone does not create § 1983 liability," and "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." <u>Gallagher v. Shelton</u>, 587 F.3d 1063, 1069 (10th Cir. 2009).

Plaintiff alleges in his Complaint that he "wrote jail administrator Reese Lane and sheriff H.B. Hauf requesting to formally file a complaint" concerning the alleged assault.

9

Plaintiff admits in a responsive pleading, however, that jail officials viewed the incident as "mutual combat." Plaintiff's Objection to Defendants' Special Report, at 2. Considering Plaintiff's allegations in the Complaint and the documentary evidence attached to the Complaint, Plaintiff has sued Defendants Hauf and Lane solely in their supervisory status as jail officials. Plaintiff has therefore failed to allege the requisite personal participation by Defendants Hauf and Lane in the alleged unconstitutional retaliatory actions of transferring Plaintiff to administrative segregation and threatening to pursue a prosecution of Plaintiff for the same alleged assault.

Assuming the truth of Plaintiff's allegation that Defendants Hauf and Lane denied Plaintiff's request for assistance in pursuing criminal charges against Mr. Hornbeck, the action by Defendants Hauf and Lane may generously be construed as the denial of a grievance. So construed, Defendants' action does not support a § 1983 action. Therefore, Plaintiff has failed to state a claim of unconstitutional retaliation against Defendants Hauf and Lane, and their Motion to Dismiss this claim should be granted and the claim dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

To the extent Plaintiff is alleging an Eighth Amendment claim in ground three, Plaintiff's allegations in the Complaint do not suggest that jail officials were deliberately indifferent to "conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994)(citation omitted). "[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Hewitt v. Helms, 459 U.S. 460, 468 (1983). Plaintiff has not alleged

sufficient facts creating any inference that his placement in administrative segregation gave rise to a substantial risk of serious harm.

In order to state an Eighth Amendment claim of "deliberate indifference" to his medical needs, Plaintiff is required to show "both an objective and a subjective component." Sealock v. Colo., 218 F.3d 1205, 1209 (10th Cir. 2000). "The subjective component is met if a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" Id. (quoting Farmer, 511 U.S. at 837). Plaintiff's allegations and documents attached to the Complaint do not create an inference that jail officials knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff alleges that he suffered a broken nose at the jail on December 12, 2010. Plaintiff's own documentary evidence attached to his Complaint shows that he was transported to Stillwater Medical Center and initially examined at 22:43 hours (10:43 p.m.) on December 12, 2010. Complaint, atts. 2, 3. This evidence shows Plaintiff was examined and treated at the hospital, where he was diagnosed with a "closed head injury" and fractured nose and advised to take over-the-counter pain medication for his injuries. Plaintiff was discharged from the hospital's emergency room on December 13, 2010, at 12:48 a.m. Complaint, att. 4. Although Plaintiff alleges he will have to undergo surgery to repair the nasal fracture, Plaintiff's allegations and documentary evidence show that he received medical treatment the same day that the injury occurred and that no medical professional recommended any further treatment for the nasal fracture. Plaintiff has failed to allege a viable Eighth Amendment claim of deliberate indifference to his health or safety needs by Defendants Hauf or Lane, and his Eighth Amendment claim in ground three should

11

be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Defendants' Motion to Dismiss (Doc. # 22) be GRANTED and that the cause of action be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. It is further recommended that the dismissal of this cause of action count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). See Hafed v. Fed. Bureau of Prisons, 635 F.3d 1172, 1176, 1177 (10th Cir. 2011)("When an action or appeal is dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), the dismissal counts as a strike" and "a dismissal under [28 U.S.C. } § 1915A counts as a strike when the action was dismissed as frivolous, malicious, or for failure to state a claim . . . .").

Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___ August 17th ___, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned

Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   28th   day of   July   , 2011.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE