**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHADWICK J. NEAL, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. CIV-11-232-R ) |
| H. B. HAUF, Sheriff, et al., | ) ) |
|     Defendants. | ) |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered July 28, 2011 [Doc. No. 33] and Plaintiff's Objection to the Report and Recommendation. Doc. No. 34. Plaintiff has also filed a motion for leave to add information. Doc. No. 35.

The Magistrate Judge recommended that Defendants' motion to dismiss be granted. He recommended that Plaintiff's § 1983 claims that his equal protection and due process rights were violated by Defendants Lane and Hauf because they refused to allow Plaintiff to "file a report" or "complaint" and thereby prevented Plaintiff from seeking the prosecution of Mr. Hornbeck be dismissed with prejudice pursuant to F.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claims on which relief can be granted. He made this recommendation based upon the conclusion that the Plaintiff had "no standing to seek the prosecution of another individual . . . ." *Id.* at p. 7. The Magistrate Judge also recommended that Plaintiff's third ground for relief, for retaliation by placing him in segregation for a week after Plaintiff "initially asked to press charges," in alleged violation of the Eighth

Amendment, should be dismissed for failure to state a claim on which relief could be granted because Plaintiff's allegations don't suggest that jail officials were deliberately indifferent to "conditions posing a substantial risk of serious harm," Report and Recommendation at p. 10, *quoting Farmers v. Brennan*, 511 U.S. 825, 834 (1994), because "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point during their incarceration." *Id. quoting Hewitt v. Helms*, 459 U.S. 460, 468 (1983); and because Plaintiff had alleged no facts creating an inference that placement in administrative segregation gave rise to a substantial risk of serious harm. *Id.* at pp. 10-11. The Magistrate also considered whether Plaintiff's third claim for retaliation stated a claim for the deprivation of Plaintiff's First Amendment rights and found that it did not because Plaintiff was not engaged in a constitutionally protected activity at any time before Defendants allegedly retaliated against him, Report and Recommendation at pp. 8-9, and because Plaintiff had not alleged any personal participation by Defendants Hauf and Lane in the alleged retaliation, even assuming that Plaintiff had been engaged in constitutionally protected activity before the alleged retaliation. *Id.* at p. 9. Finally, the Magistrate Judge found that Plaintiff had failed to allege a viable Eighth Amendment claim of deliberate indifference to his health or safety needs by Defendant Hauf or Lane. *Id.* at pp. 11-12.

In his Objection to the Report and Recommendation, Plaintiff states that he has no objection to the Magistrate's conclusion concerning Plaintiff's § 1983 claim for a deprivation of his Eighth Amendment rights based upon the denial of medical care. *See* Objection at p. 9. Plaintiff seemingly objects to the Magistrate Judge's conclusions and recommendations

as to the remainder of his claims. However, Plaintiff's objections are primarily devoted to statements in the Special Report rather than to the legal bases on which the Magistrate Judge concluded Plaintiff had failed to state claims on which relief can be granted. Plaintiff also asserts in his Objection that his First Amendment right to petition the Government for a redress of grievances was violated when his letter to the Payne County District Attorney's office requesting that charges be filed against Hornbeck was returned to him by Payne County jail officials without ever being mailed. He also attacks Defendants' assertion in the Special Report and Affidavits attached thereto that Plaintiff had been engaged in "mutual combat" rather than that Plaintiff had been assaulted. He further states that he was placed in administrative segregation without being afforded due process, to which he was entitled because he was placed there for disciplinary or punitive reasons and that he was told that further attempts to pursue charges would result in his remaining in segregation longer.

Plaintiff also asserts that he has a claim for failure to protect him from Hornbeck because Hornbeck had a record of past violent and disruptive behavior that jail and staff knew of. Finally, Plaintiff claims that he had a right to request and pursue prosecution of his assailant through both law enforcement and the courts and that Defendants Hauf and Lane, as Jail Administrator and Sheriff of Payne County, had the responsibility of insuring that Plaintiff had a reasonable means of seeking prosecution of his assailant as part of their duty to protect Plaintiff from violence.

First, the Court declines to consider one of Plaintiff's objections because the issue was raised for the first time in Plaintiff's Objection to the Report and Recommendation.

Plaintiff's claim that Defendants violated his constitutional rights by failing to protect him from the violence at the hands of another inmate, Hornbeck, was not included in Plaintiff's Complaint and this claim was not raised before the Magistrate Judge. Accordingly, Plaintiff waived this claim as a basis for his objection to the Magistrate Judge's Report and Recommendation. *Clear One Communications, Inc. v. Biamp Systems*, ___ F.3d ___, 2011 WL 3437796 at * 18 (10th Cir. Aug. 8, 2011)(Nos. 09-4097 & 10-4168); *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996); *Lackey v. United States Department of Agriculture*, 384 Fed. Appx. 741, 748 n. 9, 2010 WL 2543160 at * 5 n. 9 (10th Cir. June 25, 2010)(No. 08-2117).

"[I]t is well-settled that a private citizen has no constitutional right to bring a criminal complaint against another individual." *Chandler v. Carroll*, 2009 WL 2514428 at *5 (D. Vt. Aug. 12, 2009)(No. 1:09-CV-58), *citing Price v. Hasly*, 2004 WL 1305744 at * 1 (W.D. N.Y. June 8, 2004) and *Rzayeva v. United States*, 492 F.Supp.2d 60, 87 (D. Conn. 2007). *See Ellen v. Stamm*, 951 F.2d 359 (Table), 1991 WL 270788 at *1 (9th Cir. Dec. 19, 1991)(No. 90-16065). Indeed, an individual "does not have a constitutional right to see his persecutor punished for his conduct, nor, as a private citizen, can he commence criminal proceedings on his own." *Williams v. Holt*, 2007WL 2274397 at * 5 (M.D. Ala. July 31, 2007)(No. 2:05-CV-0638-MEF), *citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, ___, 35 L.Ed.2d 536, ___ (1981)(same). Thus, the refusal to accept, file or mail a report request, for criminal prosecution or criminal complaint does not constitute a violation of Plaintiff's First Amendment right to petition the government for redress of grievances, *see Ellen v. Stamm,*

4

*supra,* and *Chandler v. Carroll, supra*, did not deny Plaintiff access to the courts, *see Williams v. Holt, supra* at * 5-6, and did not result in a denial of Plaintiff's due process or equal protection rights. *See Chandler v. Carroll, supra.*

Plaintiff asserts that Defendants retaliated against him by placing him in administrative segregation after he requested to file a criminal charge or police report against Hornbeck, the individual who allegedly assaulted him in the jail. However, because, as is apparent from the foregoing, Plaintiff was not engaged in any constitutionally-protected activity at any time before Defendants allegedly retaliated against him, Plaintiff has failed to state a 42 U.S.C. § 1983 claim for retaliation in violation of the First Amendment on which relief can be granted. *See e.g., Nielander v. Board of County Commissioners*, 582 F.3d 1155, 1165 (10th Cir. 2009)(elements of a First Amendment retaliation claim). In addition, Plaintiff has failed to allege any personal participation by Hauf and Lane in the alleged retaliation, *i.e.,* the placement of Plaintiff in administrative segregation, as is necessary for liability under 42 U.S.C. § 1983. *See Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Nor has Plaintiff alleged a basis for those Defendants' supervisory liability. *See Ashcroft v. Iqbal*, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868, 883 & 885-86 (2009); *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

To the extent Plaintiff is alleging that his Eighth Amendment rights were violated by his placement in administrative segregation, Plaintiff has failed to allege any facts showing that the conditions in administrative segregation gave rise to a substantial risk of serious harm and that Defendants were deliberately indifferent to such conditions. Accordingly,

Plaintiff has failed to allege a cognizable Eighth Amendment claim. *See Driggers v. Clark*, 2011 WL 1681691 at * 2 (10th Cir. May 5, 20110)(No. 10-6267), *citing Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) and *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). *See also Schmitt*, 421 Fed. Appx. 858, 861, 2011 WL 1571301 (10th Cir. April. 27, 2011)(No. 10-3269).

To the extent that Plaintiff is now asserting that his due process rights were violated by his placement in administrative segregation, a claim Plaintiff did not make in his Complaint, even liberally construed, Plaintiff has failed to state a claim therefor on which relief can be granted. "Ordinarily, a prisoner does not have a liberty interest independently protected by the Due Process Clause to be placed in the general prison population, rather than in segregation." *Schmitt v. Rice*, 421 Fed. Appx. at 861, 2011 WL 1571301 at * 3, *citing Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006). Nevertheless, factual allegations showing that any prison condition "impose[s] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" may state a claim for a deprivation of a liberty interest. *Id., quoting Trujillo v. Williams*, 465 F.3d at 1225; *Driggers v. Clark*, 2011 WL 1681691 at * 3, *quoting Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Plaintiff has not alleged any conditions of administrative segregation that posed such an "atypical or significant hardship" on him. Accordingly, Plaintiff has failed to state a claim for the deprivation of a liberty interest without due process on which relief can be granted.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 33] is ADOPTED in its entirety, Defendants' motion to dismiss Plaintiff's Complaint [Doc. No. 22] is GRANTED and Plaintiff's Complaint is DISMISSED with prejudice pursuant to F.R.Civ.P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted. This dismissal shall count as one "prior occasion" or "strike" pursuant to 28 U.S.C. § 1915(g). Plaintiff's motion for leave to add additional information [Doc. No. 35] is accordingly DENIED as moot.

IT IS SO ORDERED this 19th day of August, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE